(63 Misc. Rep. 575.)

ZINSSER v. RUPPEL et al.

(Supreme Court, Special Term, New York County. June, 1909.)

LANDLORD AND TENANT (§ 28*)—LEASE—FRAUD—WHAT CONSTITUTES.

A complaint alleged the execution of a lease by plaintiff to an irresponsible employé of a corporation, on a representation by the corporation that it would be disadvantageous to it if the public knew that it had obtained a lease of the premises mentioned, and also alleged that the corporation claims that it is not bound by the lease, which is not its agreement, but that of its employé. *Held* not to state a cause of action for fraud against the corporation.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. § 82; Dec. Dig. § 28.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Action by August Zinsser against Henry Ruppel and the Waubun Company. Demurrer to complaint sustained.

Theo. Hansen, for plaintiff.

H. H. Gibbs, for defendants.

GREENBAUM, J. Plaintiff seeks to reform a lease of certain premises by substituting as lessee the name of the defendant the Waubun Company in place of the defendant Ruppel. Defendant Ruppel demurs for insufficiency of the complaint. It is alleged that the name of the defendant Ruppel, a financially irresponsible employé of the defendant the Waubun Company, was inserted in the lease, instead of the Waubun Company, the actual lessee, because of the representations of said company that:

"It would be to the great disadvantage of the said defendant if it were made public that it had executed and obtained a lease of the premises mentioned."

It is alleged that:

"It was mutually agreed that the said lease would be and was the lease of the defendant the Waubun Company, and not that of the defendant Henry Ruppel."

Plaintiff further alleges:

"(8) That, relying upon the said premises, statements, and representations of the defendants, and upon the agreement aforesaid, and solely by reason thereof, and at the urgent request of the defendants, * * * and in the mistaken belief that the lease, as executed, was the lease of the Waubun Company, and being deceived and misled into this belief, and into the execution of said lease, by the false statements of the defendants to the effect that the lease as so executed was the lease of said defendant the Waubun Company, this plaintiff did, on the 22d day of July, 1904, execute and deliver to the defendant the Waubun Company a certain lease under seal identical with the aforementioned one as to its covenants and conditions, but with the name Henry Ruppel inserted in the place of the Waubun Company, a copy of which lease is annexed hereto and marked 'Exhibit A' and made a part of this complaint.

"(9 That at the time of the execution it was the intention of both the said plaintiff and the defendants that the said lease should be the lease of the defendant the Waubun Company, and the lease of no other person, although on the face of said lease the name of Henry Ruppel did appear as tenant, without any description whatever."

There is no allegation of the falsity of the statement alleged to have been made by the defendant company that it was to its "disadvantage" to have the fact of its having executed the lease made public. The only alleged "false statement" is that the lease as executed was to be deemed the lease of the Waubun Company, an allegation which can only be predicated upon a further allegation that:

"The defendants now claim and assert that the Waubun Company is not bound by the said lease, and that said lease is not its agreement, but is the agreement of the defendant Henry Ruppel."

Equity may grant relief where there is a mistake of law on one side and either positive fraud on the other, or inequitable, unfair, and deceptive conduct which tends to confirm the mistake and conceal the truth. Haviland v. Willets, 141 N. Y. 38, 50, 35 N. E. 958. Even if we may indulge in the somewhat violent supposition that plaintiff believed that a lease to Ruppel bound the Waubun Company, it does

not appear in what respect the Waubun Company perpetrated any fraud or was guilty of any inequitable, unfair, or deceptive conduct which induced the making of the lease in the name of Ruppel. The fact that several years after its execution the defendants deny that Ruppel acted as the agent of the Waubun Company in respect to the lease, and that the lease was not intended to be made in the name of the Waubun Company is not an allegation of a fraudulent or deceptive act on the part of defendants. The covenants of a lease or deed "can only be enforced against the party who upon the face of the instrument is the covenantor, although it appears by extrinsic proof that he acted as the agent for another." Kiersted v. Orange & A. R. R. Co., 69 N. Y. 343, 345, 29 Am. Rep. 199. Plaintiff's alleged mistake of the law will not of itself entitle him to relief.

Demurrer will be sustained. As two previous demurrers to the original and first amended complaints have been sustained, and as it is not apparent how justice will be subserved by granting leave to serve a third amended complaint, the demurrer will be sustained, with costs, and without leave further to amend the complaint.

Demurrer sustained.